HOLMES, Judge.
The circuit court reversed a decision of the Etowah County Personnel Board. The Personnel Board appeals, and we affirm.
The issue as framed by the Personnel Board, through its able and experienced counsel, is a narrow one, to wit, did the circuit court err in assuming jurisdiction to review the Board’s decision.
The record before this court reveals the following:
*564 Officers in the sheriff’s office attempted to discharge a deputy sheriff for alleged insubordination. The Personnel Board, upon appeal by the deputy, said the dismissal was improper because the governing act provided that only the sheriff could discharge the deputy. Thereafter, the sheriff attempted by letter to discharge the deputy. The Board, upon appeal by the deputy, said the action of the sheriff was improper in view of the Board’s previous determination on the same matter. The Board held that Act 203 precluded the Board from “reopening the matter once determined to be improper since it was without dispute that the subsequent discharge by letter dealt with matters previously heard and determined by the Board.” The Board ordered the deputy reinstated.
The sheriff filed a petition for writ of certiorari or mandamus to the' circuit court, which in turn, struck the writ for manda-hius and granted certiorari. The circuit court reversed the Board’s decision. The final order stated the Board erred as a matter of law in that “nothing in Act 203 [1971 Alabama Acts] estops the elected official from subsequently curing any procedural defects.... ”
The act governing dismissal of Etowah County employees, Act No. 203, 1971 Alabama Acts, does not specifically provide for review of the Board’s decision, nor does it contain any language which precludes review of the Board’s actions by the circuit court. The Board construes this silence as to judicial review as meaning the circuit court had no jurisdiction to review the decision. Specifically, the Board contends neither a writ of certiorari nor mandamus will lie. Since the circuit court struck the writ of mandamus we will not address the Board’s argument on mandamus.
We find no merit in the Board’s argument that Act 203 precludes judicial review.
The United States Supreme Court, in a case which originated in the U.S. District Court of Alabama, wrote that “preclusion of judicial review of administrative action adjudicating private rights is not lightly to be inferred.” Barlow v. Collins, 397 U.S. 159, 166, 90 S.Ct. 832, 837, 25 L.Ed.2d 192 (1970). Judicial review of administrative action is the rule, and nonre-viewability an exception which must be demonstrated. Only upon a showing of “clear and convincing evidence” of a legislative intent of nonreviewability or a clear statutory command to that effect will preclude judicial review of administrative action. Barlow v. Collins, supra. A virtual presumption exists in favor of judicial review of administrative action unless a contrary purpose is fairly discernible in the statutory scheme. Hayes International Corp. v. McLucas, 509 F.2d 247 (5th Cir. 1975), cert. denied, 423 U.S. 864, 96 S.Ct. 123, 46 L.Ed.2d 92 (1975); 2A Ala. Digest, Administrative Law, Key No. 651.
There is clearly no statutory command in Act 203 which precludes judicial review. Equally clear to this court, there is no “clear and convincing evidence” of a legislative intent to preclude judicial review which is discernible from Act 203.
Furthermore, the absence of statutory language expressly authorizing judicial review is insufficient to offset the presumption that administrative action is reviewable by the courts. Hayes International Corp. v. McLucas, supra. The writ of certiorari is a proper method to seek judicial review of an administrative action. See Stewart v. Hilyer, 376 So.2d 727 (Ala.Civ.App.1979).
The Board next contends there was an insufficient record before the circuit court for a proper review. We disagree. The record before the circuit court consisted of two written decisions of the Board which recited both the Board’s findings of fact and its legal conclusions. The circuit court had before it the necessary information to make its decision concerning the question of law at issue in light of the narrow scope of review by certiorari.
We do not wish to be read as necessarily agreeing or disagreeing with the learned trial judge’s decision as to the “merits,” as *565 that issue is apparently not before this court. However, we note that this court has not been cited any Alabama authority which would convince us the trial judge’s action was incorrect. Interested parties might wish to refer to the general discussion at 73 C.J.S., Public Administrative Bodies and Procedure § 156 (1951).
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.