This is an appeal from the Circuit Court of Montgomery's action affirming the State Personnel Board's dismissal of a state employee. The employee appeals and this court is compelled to reverse.
The issues on appeal are as follows:
1. Is a notification of dismissal, in writing, from an immediate supervisor sufficient compliance with Code of Ala. 1975, § 36-26-27?
2. Is the evidence sufficient to support the personnel board's and the circuit court's finding that dismissal was justified? *Page 663 
As to the second issue, the following is from the learned and distinguished trial judge's order:
 "This case was submitted on August 11, 1977, for final decree upon the verified Petition for Writ of Certiorari, upon the answer of the Respondents, and upon the briefs of the respective parties. The Court has carefully reviewed the record of the proceedings before the State Personnel Board which were conducted on November 4, 1976. The Petitioner here seeks to reverse, quash, set aside and vacate the order entered by the Defendant, State Personnel Board, dismissing her from state employment. It is well settled that the function of the Court on certiorari is restricted to an examination of the record to determine whether there was any legal evidence to sustain the action reviewed.
 "The evidence in this case is conflicting as to whether the Petitioner intentionally withheld material information from her employer; whether she publicly accused, while on her job and during working hours, her employer of being a drunkard, and as to whether she was untruthful with regard to her employment activities.
 "It is not this Court's prerogative on certiorari to pass upon the truthfulness of conflicting testimony or to substitute its judgment for that of the factfinding tribunal. The standard as set by our Supreme Court for certiorari in cases of this nature is for this Court to determine whether there was any legal evidence before the Personnel Board to sustain its finding. This Court, employing such standard, is of the opinion and finds from the evidence that the order of the Personnel Board is in fact sustained by the evidence as contained in the record before this Court."
We find the above portion of the trial court's decree to be correct and dispositive of the second issue, as shown above. Put another way, this court as did the circuit court, finds there was evidence before the State Personnel Board to support the dismissal of the employee.
The first issue, as noted above, however, requires a reversal of the matter. The pertinent facts as revealed by the record are as follows:
The employee was employed by the State Department of Veterans Affairs as a clerk-typist. She was notified on June 4, 1976, that her employment with the State Department of Veterans Affairs was terminated. This letter was signed by the employee's immediate supervisor, who was not the appointing authority.
Code of Ala. 1975, § 36-26-27 (a), is as follows:
 "An appointing authority may dismiss a classified employee whenever he considers the good of the service will be served thereby, for reasons which shall be stated in writing, served on the affected employee and a copy furnished to the director, which action shall become a public record. The dismissed employee may, within 10 days after notice, appeal from the action of the appointing authority by filing with the board and the appointing authority a written answer to the charges. The board shall, if demand is made in writing by the dismissed employee within 10 days after notice of discharge, order a public hearing and, if the charges are proved unwarranted, order the reinstatement of the employee under such conditions as the board may determine."
The employee, in an excellent brief, contends that the statute requires that the employee be notified of dismissal by the appointing authority and since this was not done, a reversal of the proceeding is required. To support that contention, the employee cites the state tenure law and cases interpreting that law.
The procedure for dismissal or terminating the employment contract of a teacher on continuing service status is contained in Code of Ala. 1975, § 16-24-9, and is as follows:
 "An employment contract with a teacher on continuing service status may be cancelled only in the following manner: *Page 664 
 "The employing board of education shall give notice in writing to the teacher stating in detail the reasons for the proposed cancellation and naming the exact time and place at which the teacher may appear. . . ."
In Board of Education of Marshall County v. Baugh, 240 Ala. 391,395, 199 So. 822, 825 (1941), the Supreme Court of Alabama, in discussing the above quoted portion of the state tenure law, stated as follows:
 "It is the County Board that must determine this important matter, and no one else, and the action of the Board in this respect involves a delicate exercise of a wise discretion. This, therefore, was a duty, the exercise of which, the County Board could not delegate to the County Superintendent of Education or any one else.
. . . . .
 "But the County Board argues upon the theory all of this constituted an irregularity only, was of consequence subject to ratification . . ., and that the notice given by the Superintendent of Education to the various named teachers was in fact ratified and confirmed by the Board, as shown by its minutes. . . .
 "We have shown, however, that this matter of having notice given the teachers that their services would not be desired for the succeeding year, was a duty involving the exercise of a discretion and nondelegable, and the attempted delegation of the exercise of such duty to the County Superintendent was illegal and a nullity.
 "The authorities are to the effect that an act done in behalf of another without authority is by positive law or public policy declared to be illegal and void. Such act is not subject to ratification . . ."
See also Brown v. Board of Education of Blount County, 242 Ala. 154, 5 So.2d 629 (1942).
We find the provisions of the respective statutes regarding notification of dismissal by appointing authorities to be virtually identical. Furthermore, we cannot discern any cogent reason, nor is any shown to us in brief, why the rationale, as stated by the supreme court in Baugh, supra, concerning teachers, would not be equally as applicable to appropriate state employees.
In view of the above, the matter is reversed and remanded for entry of a judgment not inconsistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and BRADLEY, J., concur.