Our grant of the Petition for Writ of Certiorari is confined to the narrow "first impression" ground relating to the written notice requirement of the Alabama Compulsory School Attendance Act under which Defendants were charged, tried, and convicted. For a full and complete statement of the facts, see the opinion of the Court of Criminal Appeals, 381 So.2d 91 [1979].
Although the criminal statute under which Defendants were charged is § 12-15-13, Ala. Code 1975 ("causing the delinquency, dependency, or need of supervision of their 7-year-old son"), the underlying statute which Defendants are accused of violating is the Alabama Compulsory School Attendance Act. §16-28-16 of that Act provides in pertinent part:
 "It shall be the duty of the county superintendent of education . . . to require the attendance officer to investigate all cases of nonenrollment and of nonattendance. In all cases investigated where no valid reason for nonenrollment or nonattendance is found, the attendance officer shall give written notice to the parent . . . of the child . . . [This] notice shall require the attendance of said child at the school within three days from date of said notice. In the event the investigation discloses that the nonenrollment or nonattendance was without valid excuse or good reason and intentional, the attendance officer shall be required to bring criminal prosecution against the parent . . . of the child."
THE ISSUE: Is the written notice requirement of § 16-28-16
met when the attendance officer personally visits the parents of a nonattending 7-year-old child, advises them of the compulsory school attendance law, and subsequently mails them the "applicable" sections of the Act (§§ 16-28-2 and 16-28-3)? Or, more simply stated: May a criminal conviction for the violation of the Alabama Compulsory School Attendance Act be affirmed where the notice provision of that Act has been substantially, but not literally, complied with? We hold that literal, not substantial, compliance is the test; therefore, we reverse and remand to the Court of Criminal Appeals for an order rendering judgment for the Defendants.
The State recognizes, and candidly admits in brief, where a criminal statute provides both notice and the mode of that notice as a prerequisite to the instigation of prosecution for its violation, the notice requirement must be strictly complied with.[1]
The State contends, however, "the statute, § 16-28-16, should be divided, as it is written, into two parts, both parts assuring that notice is given." The first part "is `where no valid reason for nonenrollment or *Page 96 
nonattendance is found' upon investigation. This requires written notice to the parent. . . . [T]he second situation is where `the investigation discloses that nonenrollment or nonattendance was without valid excuse or good reason and intentional' . . . [W]here parents intentionally prohibit their child from going to school, written notice would not accomplish what such notice was meant to accomplish, that is, to give parents a chance to prevent legal process from issuing against them."
In sum, it is the State's position that the Act requires written notice as a prerequisite to prosecution under its "no valid reason" standard, but only actual notice under its "without valid excuse or good reason and intentional" standard. This interpretation necessarily envisions an election on behalf of the State to proceed against the accused upon one of two different standards of culpable conduct — the less culpable of which ("no valid reason") requires written notice, while the more culpable ("intentional") does not.
We reject this interpretation and hold the written notice requirement applies to the only standard of criminal culpability contemplated by the Act —" . . . that the nonenrollment or nonattendance was without valid excuse or good reason and intentional. . . ." The Statute, though inartfully drafted, clearly specifies, through its use of the word "intentional," guilty intent — mens rea — as an essential element of the proscribed criminal conduct. Because only one standard of criminal culpability is prescribed by the Act, the written notice requirement is necessarily a prerequisite to the instigation of criminal prosecution under the Act.
The reason for the application of a rule of strict compliance of the notice requirement (as well as our rejection of the harmless error rule) is amply demonstrated by the facts before us. The acts of the attendance officer, which the State relies upon for substantial compliance (or, alternatively, for error without injury), include the mailing to the Defendants of the "applicable" sections of the Act — §§ 16-28-2 and 16-28-3.
While stating the purpose of the Act and prescribing the ages of children required to attend school, neither of these sections (§§ 16-28-2 or 3) makes any reference to criminal prosecution as a sanction for noncompliance with its provisions. Nor would the written notice requirement have been satisfied by the inclusion of § 16-28-16; and this for the reason that the receipt of this section would have informed the Defendants not only of their entitlement to a written notice but also of the requirement that the notice allow them three additional days to comply with the Act in order to avoid criminal prosecution.
Because of the failure of the attendance officer to give written notice in accordance with the strict and literal requirement of the Statute, we hold that an essential element of the State's case against each of these Defendants is missing; therefore, we reverse the Court of Criminal Appeals' judgment affirming each Defendant's conviction and sentence; and we remand this cause to that Court with directions to enter an order rendering judgment for each of the Defendants.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Justices concur except ALMON, J., who dissents.
[1] For a parallel rule in civil cases involving property rights, see Chavers v. State Personnel Board, 357 So.2d 662
(Ala.Civ.App. 1978), cert. denied 357 So.2d 664 (Ala. 1978).