SCRUGGS, Retired Circuit Judge.
This is an employee’s appeal from a circuit court judgment which affirmed the State Personnel Board’s dismissal of the employee, whose employment had been previously terminated by the Board of Pardons and Paroles, where he had been a classified employee. We reverse.
There was evidence before the hearing officer of the State Personnel Board which factually supported the employee’s dismissal on the merits, and we have no issue raised upon that matter.
In October 1982, a personnel officer from the Montgomery central office of the Board of Pardons and Paroles conducted a hearing in Birmingham, where the employee was based, upon only one issue concerning the violation by the employee of an employment rule of the Board of Pardons and Paroles. The employee was present and testified. The personnel officer subsequently made his report to the Board of Pardons and Paroles, and the members thereof voted unanimously to terminate the employee’s employment with them. The following is the only notice which was given to the employee as to his dismissal:
“STATE OF ALABAMA BOARD OF PARDONS AND PAROLES
716 N. 21st Street
Birmingham, Al. 35263-0041
PAROLE AND PROBATION OFFICES
“Mr. Gary Childs
State Probation and Parole Officer
2030 — 3rd Avenue, North
Birmingham, Al.
“Dear Mr. Childs:
“The Board of Pardons and Paroles met today and considered the report of the Personnel Officer submitted to them after the hearing of October 21, 1982.
“After careful consideration, the Board decided to terminate your employment as a Probation and Parole Officer with this department at the end of the working day, October 25, 1982.
“Please turn in to me, or Mr. Strowd, your credentials and badge, keys, and a mailing address where your final check and report of the personnel hearing can be sent.
Sincerely,
/s/
H.D. Walton
Division Manager”
Mr. Walton, as division manager, was in charge of the Jefferson County operations of the Board of Pardons and Paroles. The employee’s immediate supervisor was Mr. Strowd, who reported directly to Mr. Walton. The Alabama Code defines an appointing authority as being, “The officer, board, commission, person or group of persons having the power to make appointments to offices or positions of trust or employment to the state service.” § 36-26-2(1), Code of Alabama 1975. The division manager was not the employee’s appointing authority. The Board of Pardons and Paroles itself was the appointing authority of this employee.
The dispositive dispute before us concerns whether the above notice of dismissal, which was given to this employee, complied with the provisions of § 36-26-27(a) of the Code, which provides as follows:
“(a) An appointing authority may dismiss a classified employee whenever he considers the good of the service will be served thereby, for reasons which shall be stated in writing, served on the affected employee and a copy furnished to the director, which action shall become a public record. The dismissed employee *816 may, within 10 days after notice, appeal from the action of the appointing authority by filing with the board and the appointing authority a written answer to the charges. The board shall, if demand is made in writing by the dismissed employee within 10 days after notice of discharge, order a public hearing and, if the charges are proved unwarranted, order the reinstatement of the employee under such conditions as the board may determine. Upon a majority vote of the board, the board may impose a punishment other than termination including but not limited to a reinstatement with forfeiture of back wages and benefits between the date of termination and the date of the board’s order reinstating the employee, or a suspension up to and including 30 days.”
That particular Code requirement and the issue before us have been previously construed and determined by this court. In Chavers v. State Personnel Board, 357 So.2d 662 (Ala.Civ.App.), cert. denied, 357 So.2d 664 (Ala.1978), it was decided that a notification letter signed by an employee’s immediate supervisor, who was not the employee’s appointing authority, did not comply with § 36-26-27(a), since the duty of the appointing authority to provide the required statutory notice to an employee is not delegable. Here, the Board of Pardons and Paroles, the appointing authority, has never given the required notice to the employee, since the notice which was provided by the division manager was ineffective because he was not authorized by the statute to give the notice. There are no material factual differences between the present appeal and the Chavers case, and, accordingly, this matter must be reversed and remanded to the learned circuit court for the entry of a judgment which is consistent with this opinion.
The foregoing opinion was prepared by retired Circuit Judge Edward N. Scruggs, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.