ROBERT M. PARKER, Retired Circuit Judge.
This is an appeal from the affirmation by the Circuit Court of Montgomery County of the State Personnel Board’s dismissal of a State employee.
The employee, a Youth Services Aide Trainee, was charged with excessive absence from employment and failure to comply with his supervisor’s directive to provide a doctor’s statement for failure to report for work on July 17,1981 by August 5, 1981.
The record reveals that the employee, since August 1980, had exhausted his sick leave and annual leave, had been granted advance sick leave twice and had been on leave without pay at least forty-eight days. Medical reports were requested of the employee on May 6, May 13, and May 20, 1981. A report was furnished by the employee dated June 29, 1981. On June 9, 1981 the employee’s supervisor notified the employee by registered mail that any future sick leave requests must be accompanied by a doctor’s statement. The employee was absent on July 17, 1981, and was notified to have a doctor’s statement to his supervisor by August 5, 1981. The employee contends that he complied with all requests and on July 17, 1981 he only had a prescription refilled by the doctor over the telephone. The statement of the doctor that he telephoned the employee a prescription was not given to the supervisor on August 5, 1981, as appellant said no one was in the office when he came to work at 11 p.m. The employee stated he tried to give the statement to another supervisor on August 6th, but he refused it, and that on August 7th at a staff meeting, his supervisor refused to accept it. On September 15, 1982, after hearing, the State Personnel Board found the evidence sustained the charges and the charges warranted dismissal.
The employee contends that the charges brought against him were unwarranted by the evidence and the remedy of dismissal is unwarranted by the evidence.
“The standard for review of a denial of certiorari in cases of this nature is for this court to determine whether there was any legal evidence before the board to sustain its findings. It is not this court’s prerogative to pass upon the *905 truthfulness of conflicting testimony or to substitute its judgment for that of the board. Chavers v. State Personnel Bd., Ala.Civ.App., 357 So.2d 662 (1978).”
Roberson v. Personnel Board of the State of Alabama, 390 So.2d 658 (Ala.Civ.App.1980).
Here, the board found that the charges against the employee were warranted and sustained the termination of the employee. Applying the above standard, this court finds that the order of the Personnel Board is sustained by the evidence as contained in the record before the court.
The employee further contends that the termination of his employment is too severe and that section 36-26-27, Code 1975, was amended to allow the board to impose a lesser punishment.
Section 36-26-27 was amended on July 28, 1983, to allow for punishment other than termination to be imposed by the board; however, the order of the board in this instance was made on September 15, 1982, prior to amendment. The employee contends that the amendment should be applied retrospectively.
“The general rule is that retrospective application of a statute is not favored and legislative intent to make a statute retrospective must be clearly expressed before the statute will be construed to operate retrospectively.” Kittrell v. Benjamin, 396 So.2d 93, 94 (Ala.1981); see also Street v. City of Anniston, 381 So.2d 26 (Ala.1980).
Here, there appears to be no legislative intent that the amended statute should be applied retrospectively, and, therefore, under section 36-26-27, prior to amendment, the board had no authority but to uphold the appointing authority’s dismissal of the employee. Stewart v. Hilyer, 376 So.2d 727 (Ala.Civ.App.1979).
The employee further contends the record is silent as to the appointing authority’s authority to require Burks to provide a medical statement. It is true that an employee cannot be legally dismissed for failure to obey a rule which is outside the authority of its maker to promulgate. However, under these circumstances the request for a doctor’s statement was reasonable and clearly within the purview of the supervisor’s administration of his department.
This case is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.