The appellant appeals from his conviction for "contributing to the CHINS [child in need of supervision] of a minor," in violation of § 12-15-13, Code of Alabama 1975. The basis of the conviction was the appellant's *Page 210 
failure to enroll his children in school as required by the Alabama Compulsory School Attendance Act (codified at § 16-28-1
et seq., Code of Alabama 1975). He contends that the trial court erred in refusing to dismiss the charge against him because the school attendance officer failed to give him written notice under § 16-28-16 prior to instituting a criminal prosecution. We agree.
There is no dispute as to the facts of this case. The principal of Collinsville High School and the supervisor of attendance for the DeKalb County Board of Education went to the appellant's home on September 5, 1991, to investigate a report that the appellant had school-age children living with him who were not enrolled in school. The appellant told them that his children were of school age, but that he and his wife were providing the children with home schooling. The attendance officer told the appellant that the appellant had not complied with the appropriate statutes for home schooling. The appellant replied that he and his wife were properly and legally providing home schooling for their children. He also stated that they were in the process of moving to Georgia. The attendance officer then orally gave the appellant notice of the requirements of § 16-28-16. The appellant never received written notice and was arrested later that same day. The appellant and his family moved to Georgia within a few days of his arrest. His wife filed a "Declaration of Intent to Utilize a Home Study Program" with the Dade County, Georgia, Board of Education, in compliance with the Georgia home study program statutes.
The issue of substantial versus literal compliance with the notice requirement of § 16-28-16 has been previously addressed in Ex parte Hill, 381 So.2d 94 (Ala. 1980), in which the Alabama Supreme Court held that literal compliance with the statute was required. The record in this case reveals that the district court was apprised of the notice requirement in §16-28-16 and of the holding in Hill. "Because of the failure of the attendance officer to give written notice in accordance with the strict and literal requirement of the statute, we hold that an essential element of the State's case against [the appellant] is missing." Hill at 96 (emphasis supplied). We note that the arguments made by the State in support of the conviction are substantially the same as those raised by the State and rejected by the Alabama Supreme Court in Hill.
For the reasons set forth above, the appellant's conviction is due to be reversed and a judgment rendered in his favor.
REVERSED AND JUDGMENT RENDERED.
All the Judges concur.