The appeal is from an order of the Circuit Court of Montgomery County reversing and setting aside the order of the State Personnel Board. The Board had, after a hearing, ordered Willie Stewart, a state trooper, reinstated to his job with loss of back pay.
Stewart had been dismissed from his job as a state trooper by the Director of the Department of Public Safety for failure to protect the property of others and for grand larceny. After receiving notice of the dismissal, Stewart appealed to the State Personnel Board for a hearing. After a hearing the Board entered the following order: *Page 728 
 In the matter of the appeal of Willie Stewart from his dismissal by the Director of the Department of Public Safety, it is the finding of the State Personnel Board that Mr. Stewart was guilty of serious lack of judgment and violation of department policy in removing meat from a wrecked truck and possibly leaving the scene of the wreck too early. However, it is the opinion of the Board that dismissal is too severe a penalty for the offense.
 It is therefore the order of the State Personnel Board that Willie Stewart be reinstated as a State Trooper effective June 2, 1978, without back pay.
Upon receiving a copy of the order of the Board, the Department filed a petition for writ of certiorari in the Circuit Court of Montgomery County seeking a review of the Board's decision. The writ was granted and the Board's order was set aside. The circuit court's holding was that the Board had exceeded its authority by substituting its judgment for that of the Department by reinstating Stewart to his job rather than dismissing him from his job as the Department had ordered.
A short rendition of the facts will help illuminate the issues proposed for solution here.
Willie Stewart, a four year veteran of the Alabama State Troopers, was on duty in Montgomery County, south of Montgomery, on February 16, 1978 when he received a call to go to a wreck scene on Highway 31 north of Montgomery.
Upon reaching the accident, Stewart found a wrecked meat truck belonging to Swift Meat Packing Company. The driver of the vehicle was at a nearby service station using the telephone. A wrecker was summoned to the scene by Stewart. This wrecker was too small to remove the wreck from the roadway. It was blocking one lane of the highway. The second wrecker arrived and the refrigerator section of the truck was cut away from the truck and pulled off the roadway and up close to a fence directly opposite Standard Forge and Axle Company. The truck was moved to the parking lot of a nearby service station.
Stewart pulled his patrol car up next to the refrigerator section that contained meat. After the wreck had been removed from the roadway, the meat that had been knocked out onto the roadway was picked up by Stewart, the truck driver, and one of the wrecker drivers, and put back in the meat box.
According to Stewart, the wrecker driver took some meat out of the meat box and handed it to Stewart. Stewart took the meat and placed it in the trunk of the patrol car.
Shortly after the highway was cleared of the wreck, the truck driver asked Stewart to stay at the wreck scene until he (the truck driver) could obtain another truck and transfer the meat to the other truck. Stewart replied that he could not remain, because they were shorthanded that day, but that he would be patrolling in the vicinity and would check on things as he would pass by.
Stewart then left the accident scene and stopped down the road and gave the wrecker driver a portion of the meat. Stewart, after receiving a call from Corporal Fletcher to meet him, stopped at Kelley's Auto Parts and placed the remainder of the meat that was in the trunk of the patrol car in a cooler at Kelley's. He then met Fletcher.
Fletcher informed Stewart that someone had seen him taking meat out of a wrecked truck and placing it in the trunk of the patrol car. Stewart told Fletcher that he had taken some meat from the wrecked truck but that he had asked the truck driver if it would be okay to take some of the meat, and Stewart said he thought the driver had given his approval. The truck driver said that Stewart did ask him for some meat but that he (the truck driver) told Stewart that no meat could be taken out of the truck.
The wrecker driver testified that he did not take any meat out of the wrecked vehicle, nor did he see Stewart take any, but he did stop down the road from the wreck scene and Stewart gave him three boxes of *Page 729 
meat that Stewart had in the trunk of the patrol car.
Stewart testified that he was aware that when he was called to a wreck scene his duty was to protect the life and property of the persons involved in the accident. He further stated that he took the meat from the truck, albeit he thought with permission of the driver, and that taking the meat was contrary to departmental rules and regulations.
The common law writ of certiorari is the proper means of review of a decision of the State Personnel Board. Phelps v.Public Service Commission, 46 Ala. App. 13, 237 So.2d 499
(1970). The circuit court exercises a limited function on certiorari to review the order of an administrative agency.Phelps v. Public Service Commission, supra. The review is:
 [T]o determine whether the acts in question were supported by any substantial evidence, or, otherwise stated, whether the findings and conclusions are contrary to the uncontradicted evidence, or whether there was an improper application of the findings viewed in a legal sense.
Baker v. Denniston-Boykin Co., 245 Ala. 407, 17 So.2d 148
(1944).
As noted above, the circuit court held that the Board improperly applied the law to the facts and thereby exceeded its authority.
The controlling statute in the situation we have before us is § 36-26-27, Code of Alabama 1975, which is, in pertinent part, as follows:
 (a) An appointing authority may dismiss a classified employee whenever he considers the good of the service will be served thereby, for reasons which shall be stated in writing, served on the affected employee and a copy furnished to the director, which action shall become a public record. The dismissed employee may, within 10 days after notice, appeal from the action of the appointing authority by filing with the board and the appointing authority a written answer to the charges. The board shall, if demand is made in writing by the dismissed employee within 10 days after notice of discharge, order a public hearing and, if the charges are proved unwarranted, order the reinstatement of the employee under such conditions as the board may determine.
Section 36-26-9, Code of Alabama 1975, authorizes the promulgation of rules and regulations by the State Personnel Board to implement the provisions of law relating to the employees of the state and further provides that when not contrary to the laws of this state, such rules and regulations have the force and effect of law.
Rule III, § 8 (f) of the Rules of the State Personnel Board was promulgated pursuant to this provision of law and is as follows:
 Findings and Decisions: On the basis of its findings after hearing all testimony and receiving all evidence, the Board may sustain the dismissal of an employee or order his reinstatement without loss of pay or impose such lesser penalties as suspension without pay for a fixed period, demotion to a lower classification, or reduction in pay. Similarly, where an employee is found guilty of charges brought against him by an officer, citizen or taxpayer, and such charges warrant disciplinary action, the Board may order the dismissal of the employee or may order lesser penalties.
The circuit court noted in its order that the Board found as a fact that Stewart had violated Department rules by taking meat from the wrecked truck; yet the Board reinstated Stewart to his job as state trooper with loss of back pay.
The Department argues that the Board in so finding upheld the Department's charges that Stewart had violated Department rules by taking the meat and leaving the scene unsecured. The evidence shows that Stewart denied stealing the meat; yet he admitted violating Department regulations concerning taking anything from a wreck scene or leaving an accident scene unprotected.
We are also aware that the Board did not find that Stewart had stolen the meat as *Page 730 
had been charged by the Department, but it did find that Stewart had violated Department regulations and we think that is sufficient to require the Board to uphold the dismissal of Stewart.
As argued by the Department we believe the Board substituted its judgment for that of the appointing authority and thereby exceeded its authority when it found that Stewart should not have been dismissed for violating Department regulations.
Section 36-26-27 authorizes an appointing authority — here the Director of Public Safety — to dismiss an employee for cause, and the Board, if it finds after a hearing that the charges made by the appointing authority have not been proved, shall reinstate the employee "under such conditions as the board may determine."
In the case sub judice the Board found that Stewart had violated Department regulations as charged by the Department, yet it imposed, in effect, a lesser punishment than dismissal. This it does not have the authority to do.
The Board is authorized by § 36-26-27 to impose "conditions" only when it finds the appointing authority's charges to be unproved. The Board in effect found the charges to be proved; therefore, the only path open to it under the above cited statute was to uphold the Department's dismissal of Stewart.See Florida A M University v. Lewis, 327 So.2d 862
(Fla.App.1st 1976).
Likewise, Rule III cited above authorizes the Board, after hearing the evidence, to sustain the dismissal or to order reinstatement with or without conditions. However, this rule does not authorize the Board to decide whether dismissal is or is not too severe a penalty for certain stated conduct on the part of an employee; the Board can only decide whether the charges have been proved warranted. To construe Rule III in a contrary manner would place it in conflict with § 36-26-27, and that cannot be.
In the instant case the Board found that the charges were proved, yet imposed "conditions" on the reinstatement. In this the Board exceeded its authority by substituting its judgment for that of the appointing authority as found by the trial court.
At the beginning of oral argument in this case, appellee filed a motion to dismiss the Personnel Board as an appellant for the reason that no appeal had been taken by the Board from the trial court's decision. It is true that the Board did not appeal from the order which is contested here; therefore it cannot be an appellant. Accordingly the motion to dismiss must be denied, for there is nothing to dismiss.
Motion to dismiss denied.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.