This is an appeal from a judgment sustaining the ruling of the State Personnel Board upon review of that ruling by common-law certiorari in the Circuit Court of Montgomery County.
This matter arose when the Director of the Department of Public Safety of the State of Alabama dismissed a trooper from the service of the State for violating a general procedure order. The trooper appealed the dismissal to the State Personnel Board under the authority of § 36-26-27 (a), Code of Alabama (1975). The Board set aside the dismissal as being too harsh punishment and ordered the trooper reinstated but with loss of pay since his dismissal. The Department sought review of the order of the Board by writ of certiorari in the circuit court. The court upheld the order of the Board and the Department appeals from that judgment.
Section 36-26-27 (a) of the Code is as follows:
 (a) An appointing authority may dismiss a classified employee whenever he considers the good of the service will be served thereby, for reasons which shall be stated in writing, served on the affected employee and a copy furnished to the *Page 1091 
director, which action shall become a public record. The dismissed employee may, within 10 days after notice, appeal from the action of the appointing authority by filing with the board and the appointing authority a written answer to the charges. The board shall, if demand is made in writing by the dismissed employee within 10 days after notice of discharge, order a public hearing and, if the charges are proved unwarranted, order the reinstatement of the employee under such conditions as the board may determine.
The reasons stated by the appointing authority (Director of Public Safety) for the dismissal of Trooper Blackwell were that while investigating the burning of a truck containing meat on a highway, he violated a Department general order in failing to protect the property by taking it into his custody and by assisting or permitting others to remove the property from the scene.
The Board heard and considered the charges in a public hearing. They found that the charges of violating department procedure were sustained by the evidence to the extent that the Trooper showed poor judgment in allowing disposition of the meat. However, the Board deemed the penalty of dismissal too harsh. The trooper was ordered reinstated effective January 5, 1979, without back pay. He was dismissed on August 22, 1978.
The circuit court sustained the action of the Board finding that the Board acted within its authority. This court reverses the judgment of the circuit court.
It is the contention of the Department of Public Safety that in view of the finding of the Board that the evidence sustained the charges brought by the Director against the trooper, the Personnel Board was without authority to lessen the penalty imposed by the director. We agree that is the case.
It is to be noted that § 36-26-27 provides two methods for dismissal or removal of a classified employee: (a) An employee may be dismissed for stated reasons by the appointing authority whenever he considers it will serve the good of the service; and (b) In addition to removal by the appointing authority, classified employees may be removed by the personnel board after hearing upon charges filed by any officer, citizen or taxpayer of the state. If dismissed by the appointing authority, the employee may appeal to the Personnel Board. If, after public hearing, the charges are proved unwarranted, the Board shall order reinstatement under such conditions as it may determine.
It appears that the legislature intended that dismissal by the appointing authority for the good of the service be reviewed by the Personnel Board only to determine if the reasons stated for the dismissal are sustained by evidence presented at the hearing. It is only "if the charges are proved unwarranted" that the Board may order reinstatement with lesser punishment. It was stated in the case of Waggoner v. Whatley,282 Ala. 84, 209 So.2d 370 (1968) that the review of the dismissal by the appointing authority is "to the end that such affected persons may be assured bad faith was not present, and that the appointing authority was not influenced by political or kindred reprisal."
In this case, the Board found the charges brought sustained but ordered reinstatement because dismissal was too harsh a punishment. A finding of "sustained" is contrary to "unwarranted." The latter is the only finding which invokes the authority of the Board to reinstate the dismissed employee. The Board is not authorized to determine the charge of the appointing authority sustained by the evidence, yet set aside the dismissal because in the opinion of the Board dismissal is too harsh a penalty.[1] We hold § 36-26-27 does not grant to the Board any power of reinstatement after dismissal by the appointing authority unless *Page 1092 
the charges for which the employee was dismissed are "proved unwarranted" at the hearing. To hold otherwise permits the Board to determine the punishment rather than the issue of guilty as charged. Rule III of the Personnel Board may not be construed to give such authority to the Board. To do so would contravene the statute.
The circuit court erred in affirming the action of the Board. Its judgment is reversed with directions to enter judgment reversing the order of the Personnel Board reinstating Trooper William D. Blackwell and directing the Board to affirm his dismissal by the appointing authority.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.
[1] It appears the Board was influenced by recognition that if reinstated at the time of its decision, the employee would lose over $5,000 in salary. Such loss is, of course, not relevant unless the reasons for dismissal are "proved unwarranted."