This is an appeal from the Circuit Court of Montgomery County's action affirming the State Personnel Board's dismissal of a state employee. The employee appeals and we affirm the circuit court.
The dispositive issue is whether the State Personnel Board, in sustaining the dismissal *Page 659 
of the employee, complied with the requirements of § 36-26-27
(a), Code of Ala. 1975, and Rule III, § 8 (F) of the Rules of the State Personnel Board.
The record reveals the following pertinent facts:
The employee was a Conservation Enforcement Officer with the Marine Police Division of the Alabama Department of Conservation and Natural Resources. In October, 1977, the employee was dismissed from his employment by the Commissioner of the Department of Conservation. The stated basis for the dismissal was the employee's involvement in a public fight and his subsequent conviction on a charge of assault and battery.
The employee appealed his dismissal to the State Personnel Board pursuant to § 36-26-27 (a), Code of Ala. 1975. The board sustained the dismissal after hearing the testimony of the employee and several witnesses who testified on behalf of the employee. The board concluded that it was "of the opinion that conviction of a law enforcement official for an offense involving force and violence may be cause for termination and that the Commissioner of the Department of Conservation was acting within his authority in terminating Mr. Roberson. Therefore, it is ordered that the termination be sustained."
The employee through able counsel contends § 36-26-27 (a), Code of Ala. 1975, and Rule III, § 8 (F), of the Rules of the State Personnel Board require the board to make an independent decision on all the evidence as to whether the charges under which an employee was dismissed were warranted or unwarranted. The employee further contends the above quoted language does not constitute a decision on the issue that was before the board in this case, i.e., whether these charges against this employee were warranted or unwarranted. In other words, it is argued that § 36-26-27 (a) requires the board to specifically find either that the charges against the employee were warranted or that the charges against him were unwarranted.
Section 36-26-27 (a) in pertinent part provides:
 The board shall, if demand is made in writing by the dismissed employee within 10 days after notice of discharge, order a public hearing and, if the charges are proved unwarranted, order the reinstatement of the employee under such conditions as the board may determine.
In Hilyer v. Blackwell, Ala.Civ.App., 377 So.2d 1090, 1091,writ denied, 377 So.2d 1092 (1979), this court in construing §36-26-27 (a) said:
 It appears that the legislature intended that dismissal by the appointing authority for the good of the service be reviewed by the Personnel Board only to determine if the reasons stated for the dismissal are sustained by evidence presented at the hearing. It is only "if the charges are proved unwarranted" that the Board may order reinstatement. . . .
 In this case, the Board found the charges brought sustained but ordered reinstatement because dismissal was too harsh a punishment. A finding of "sustained" is contrary to "unwarranted." . . .
Put another way, an order of the board sustaining the termination of an employee is the equivalent of a finding that the charges against the employee were warranted and were not unwarranted. See also, Stewart v. Hilyer, Ala.Civ.App.,376 So.2d 727 (1979).
We also note § 36-26-27 (a) does not require the board to make specific findings of fact and conclusions of law. As indicated above, the board's duty under § 36-26-27 (a) is to review the employee's dismissal to determine if the reasons stated for the dismissal are sustained by evidence presented at the hearing. Hilyer v. Blackwell, supra. We find that the board has in this case fulfilled its duties under § 36-26-27 (a).
Additionally, counsel for employee contends the board did not comply with Rule III, § 8 (F), of the Rules of the State Personnel Board. In pertinent part that rule provides: *Page 660 
 On the basis of its findings after hearing all testimony and receiving all evidence, the Board may sustain the dismissal of an employee or order his reinstatement. . . .
The employee asserts the board failed to comply with Rule III, § 8 (F), by failing to hear and review all available evidence and testimony before reaching its decision. Essentially, it is argued that there was evidence and testimony that was not introduced at employee's hearing and that Rule III, § 8 (F), imposes on the board a duty to seek out through independent investigation and interrogation of witnesses all available evidence. Put another way, employee contends that under Rule III, § 8 (F), the board in making its decisions cannot rely solely on the evidence presented by the parties.
We cannot agree. There is nothing in Rule III, § 8 (F), that imposes such a duty on the board. Nor can we find anything in §36-26-27 (a) or any other provision of the Merit System Act, §§36-26-1 et seq., Code of Ala. 1975, that requires the board in all cases of this nature to seek evidence beyond that which was introduced at the hearing.
The board in the instant case heard the testimony of the employee, the employee's immediate supervisor, the Director of the Marine Police Division, and two persons who witnessed the fight. In addition, the court record showing the employee's conviction of assault and battery was received into evidence.
The employee also contends the board failed to consider all of the evidence presented to it at the hearing. This contention is apparently grounded on his belief that the board's decision was contrary to the great weight of the evidence. The standard for review of a denial of certiorari in cases of this nature is for this court to determine whether there was any legal evidence before the board to sustain its findings. It is not this court's prerogative to pass upon the truthfulness of conflicting testimony or to substitute its judgment for that of the board. Chavers v. State Personnel Bd., Ala.Civ.App.,357 So.2d 662 (1978). With this in mind we cannot say that the board failed to consider all of the evidence before it. Further, we find there was evidence before the board to sustain its decision.
For the above stated reasons, this case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.