This is an employee termination case.
Lujean King was terminated from his employment with the Alabama Department of Mental Health and Mental Retardation *Page 81 
(hereinafter Department of Mental Health). An incident occurred on June 5, 1983, whereby King allegedly abused a patient of the Taylor Hardin Secure Medical Facility. Taylor Hardin Secure Medical Facility is a facility for treatment of the mentally ill operated by the Department of Mental Health. King appealed his dismissal to the Personnel Board of the State of Alabama, where King and the Department of Mental Health agreed that evidence on the patient abuse charge would be presented before a hearing officer appointed by the Personnel Board.
A hearing was held before the hearing officer on July 13, 1983. By a report dated September 28, 1983, the hearing officer recommended that King be reinstated and credited King's testimony that he administered a karate-type kick to a patient's abdomen in an effort to protect himself from what he perceived as a possible attack from the patient. After examining a verbatim transcript of the hearing and considering oral arguments, the Personnel Board, by order dated November 15, 1983, rejected the hearing officer's findings of fact and recommendations, specifically found that King initiated the aggression toward the patient, and upheld King's termination as warranted.
King, through able counsel, then filed a petition for a writ of certiorari or, in the alternative, notice of judicial review in the Circuit Court of Tuscaloosa County. On March 4, 1984, the learned and distinguished circuit judge held that the order of the Personnel Board was clearly erroneous in view of the "reliable, probative, and substantial evidence on the whole record, and [was] unreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion in reversing the recommendation of the Hearing Officer." From this order, the Department of Mental Health filed its notice of appeal to this court.
The dispositive issues on appeal are (1) whether there is legal evidence to support the Personnel Board's affirmance of King's termination and (2) since the hearing officer's decision was based explicitly on the demeanor of witnesses whom the Personnel Board did not observe, what weight should be accorded to the hearing officer's findings.
Section 36-26-27 (a), Ala. Code (1975), part of the Merit System Act, §§ 36-26-1 through -47, Ala. Code (1975), provides the basis for Personnel Board reviews of employee terminations:
 "An appointing authority may dismiss a classified employee whenever he considers the good of the service will be served thereby. . . . The board shall, if demand is made in writing by the dismissed employee within 10 days after notice of discharge, order a public hearing and, if the charges are proved unwarranted, order the reinstatement of the employee under such conditions as the board may determine."
In Hilyer v. Blackwell, 377 So.2d 1090, 1091 (Ala.Civ.App.),cert. denied, 377 So.2d 1092 (Ala. 1979), this court in construing section 36-26-27 (a) held that "the legislature intended that dismissal by the appointing authority for the good of the service be reviewed by the Personnel Board only to determine if the reasons stated for the dismissal are sustained by the evidence presented at the hearing."
Section 36-26-9, Ala. Code (1975), authorizes the Personnel Board to promulgate rules and regulations to implement the provisions of the Merit System Act. It is pursuant to this authority that the Personnel Board promulgated rules670-X-5-.07 and 670-X-18-.02, which provide for the appointment of a hearing officer to take testimony on the dismissal and to submit to the Personnel Board findings of fact and conclusions of law in the form of a proposed order. Under the above rules, on review of this proposed order, the Personnel Board may affirm, modify, alter, or set aside the hearing officer's findings and/or recommendations.
We need not decide whether state court review of the Personnel Board's action is governed by the Alabama Administrative Procedure Act (AAPA), §§ 41-22-1 *Page 82 
through -27, Ala. Code (1982 Replacement Vol.), for the parties agree that, insofar as this case is concerned, the standard of review by the circuit court on certiorari is essentially the same as the standard of review set forth in the AAPA. CompareStewart v. Hilyer, 376 So.2d 727 (Ala.Civ.App. 1979), andRoberson v. Personnel Board, 390 So.2d 658 (Ala.Civ.App. 1980),with § 41-22-20 (k). Accordingly, our task is to determine whether there was any legal evidence before the Personnel Board to support its findings. In making such determination it is not within this court's prerogative to pass upon the truthfulness of conflicting testimony or to substitute our judgment for that of the Board. Roberson v. Personnel Board, 390 So.2d 658, 659
(Ala.Civ.App. 1980).
Before addressing the "any legal evidence" issue, we must address the issue of how much weight should be accorded the hearing officer's demeanor-based findings. While the Department of Mental Health would have us enunciate a standard under which the Personnel Board can freely set aside the findings of the hearing officer, King urges a standard which requires at least some degree of deference to the hearing officer's findings when conflicting testimony and demeanor evidence are involved.
As we noted above, the provision for a hearing officer in the context of Personnel Board appeals is a result of the Personnel Board's own rules and regulations formulated pursuant to section 36-26-9, Ala. Code (1975). Because the hearing officer is not a co-equal statutory authority, we are reluctant to afford his findings such great weight as to make him as powerful as, or more powerful than, the Board which appointed him and which has the statutory duty to hear the appeal. See
2 Am.Jur.2d Administrative Law §§ 438-39 (1962).
Of the authorities cited by the parties in their briefs, the case of National Labor Relations Board v. InterboroContractors, Inc., 388 F.2d 495, 499 (2d Cir. 1967), provides the most workable solution to the issue at hand. Reviewing a decision of the National Labor Relations Board, the Second Circuit used the following test:
 "This court must accept the Board's findings of fact if they are `supported by substantial evidence on the record considered as a whole.' . . . The trial examiner's findings are part of the record, and the fact that those findings were rejected by the Board must be considered in determining whether the `substantial evidence' test is met. . . . While this requires that some weight be given to the examiner's findings, it does not mean that `an examiner's findings on veracity must not be overruled without a very substantial preponderance of the evidence as recorded,'. . . .
". . . .
 "Thus the Board may reject the examiner's findings, even though they are not clearly erroneous, if the other evidence provides sufficient support for the Board's decision. But it seems that the Board's supporting evidence, in cases where it rejects the examiner's findings, must be stronger than would be required in cases where the findings are accepted, since in the former cases the supporting evidence must be deemed substantial when measured against the examiner's contrary findings as well as the opposing evidence."
(Citations omitted.)
Grafting this standard for review of cases wherein the Board has rejected a hearing officer's findings onto our "any legal evidence" standard for review of Personnel Board actions, and applying it to the record presented before this court, we must rule that the Personnel Board's action is supported by the evidence, despite the Board's rejection of the hearing officer's finding of self-defense. Clyde Warren, a security officer at the Taylor Hardin Secure Medical Facility, testified that when he, King, and four other mental health employees entered patient Alfonzo Wheeler's room to restrain him for transfer to another ward, King kicked Wheeler in the stomach area with such force that Wheeler fell back against his bed. Officer Warren *Page 83 
testified that as a patient Wheeler had a reputation for being passive toward others and that he made no aggressive gestures toward King when King entered the room, but instead backed away from King.
Police Officer Trainee Jon Lloyd Imes gave similar testimony — that Wheeler took several steps backward when King entered the room, and that as King kicked at the patient, the patient fell backward.
Even a portion of King's own testimony provides support for the Board's rejection of the self-defense finding. When asked, "When you went in the room, did he attempt to hit you?", King answered "No, Sir." Consider also the following question and answer: "At the time you raised your leg at patient Wheeler, it is correct he was not attempting to strike you in any way; isn't that correct?" "He wasn't attempting to strike me, no." At the very least, this evidence establishes that King used poor judgment in assaulting a patient without impending threat of aggression by the patient.
As we stated above, this appeal is from a judgment of the Circuit Court of Tuscaloosa County which set aside the Personnel Board's order as an abuse of discretion, not supported by the evidence. Because a review of the evidence, including the hearing officer's report, reveals support for the Personnel Board's finding that the charges against King were warranted, we must reverse the circuit court's judgment. The circuit court accorded too much weight to the hearing officer's report and in so doing substituted its (the circuit court's) judgment for that of the Personnel Board. This is impermissible under Roberson v. Personnel Board, 390 So.2d 658 (Ala.Civ.App. 1980).
The circuit court erred in setting aside the Personnel Board order; accordingly, its judgment is due to be reversed.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.