487 So.2d 905 (1985)
Ex Parte Paul BURKS.
(Re Paul BURKS v. George PHYFER, Director of Department of Youth Services).
84-602.
Supreme Court of Alabama.
September 20, 1985.
As Modified on Denial of Rehearing February 28, 1986.
*906 Theodore L. Hall, Mobile, for petitioner.
Robert Childers of Turner, Wilson & Christian and William J. Samford II, Legal Counsel, Ala. Dept. of Youth Services, Montgomery, for respondent.
Charles A. Graddick, Atty. Gen., and Richard N. Meadow, Asst. Atty. Gen., amicus curiae.
ADAMS, Justice.
We granted the petition for writ of certiorari in this case to decide the following issue:
Does the amendment to Code 1975, § 36-26-27(a), effective July 28, 1983, which allows the State Personnel Board to impose discipline less severe than termination upon a state merit system employee, apply retroactively to the review of a Board determination to terminate a state employee if the review was pending before the circuit court at the effective date of the amendment?
The Court of Civil Appeals, 487 So.2d 903 (1985), answered this question in the negative. We reverse that court's decision.
The petitioner, Paul Burks, worked for the Alabama Department of Youth Services from 1978 until his termination in 1981. At the time of Burks's discharge, Code 1975, § 36-26-27(a), allowed the Personnel Board to review the termination decision of the appointing authority and to either affirm the dismissal or, "if the charges are proved unwarranted, order the reinstatement of the employee under such conditions as the Board may determine." Under that statute the Board could only sustain the discharge decision or reinstate the employee, but could not ameliorate the punishment imposed by the appointing authority by imposing less drastic remedies than dismissal. See Hilyer v. Blackwell, 377 So.2d 1090 (Ala.Civ.App.1979), cert. denied, 377 So.2d 1092 (Ala.1979); Stewart v. Hilyer, 376 So.2d 727 (Ala.Civ.App.1979).
The Personnel Board's order sustaining Burks's termination was rendered on September 15, 1982, and the Circuit Court of Montgomery County granted Burks's writ of certiorari to review the decision of the Personnel Board. The circuit court, on June 11, 1984, upheld the Personnel Board's decision. On January 30, 1985, the Court of Civil Appeals affirmed the judgment of the circuit court, and Burks's application for rehearing was denied on March 6, 1985.
*907 During the time that petitioner Burks's writ of certiorari was pending in the circuit court, the legislature amended Code 1975, § 36-26-27(a), to add the following:
Upon a majority vote of the board, the board may impose a punishment other than termination including but not limited to a reinstatement with forfeiture of back wages and benefits between the date of termination and the date of the board's order reinstating the employee, or a suspension up to and including 30 days.
Act of July 28, 1983, No. 83-673, 1983 Ala. Acts 1060 (codified at Code 1975, § 36-26-27(a) (cum.supp.1984). Burks contends that the Court of Civil Appeals incorrectly decided that this amendment, which became effective during the pendency of his writ of certiorari in the circuit court, should not have retroactive application. Burks argues that the statute is "remedial" in nature and should be applied retroactively. Therefore, Burks asserts that his case should have been remanded to the Personnel Board for the Board to determine whether his conduct warranted discipline less harsh than dismissal, as is now authorized by the amended statute. We agree.
In Jones v. Casey, 445 So.2d 873, 875 (Ala.1983), we opined:
In Alabama, retrospective application of a statute is generally not favored, absent an express statutory provision or clear legislative intent that the enactment apply retroactively as well as prospectively. See Kittrell v. Benjamin, 396 So.2d 93, 94 (Ala.1981) (citing City of Brewton v. White's Auto Store, Inc., 362 So.2d 226 (Ala.1978). Remedial statutes, however, are not within the domain of retrospective laws, and do operate retroactively, absent clear language to the contrary. Street v. City of Anniston, 381 So.2d 26 (Ala.1980).
See also, Sills v. Sills, 246 Ala. 165, 19 So.2d 521 (1944). As far back as Barrington v. Barrington, 200 Ala. 315, 316, 76 So. 81, 82 (1917), this Court has held that:
Remedial statutesthose which do not create, enlarge, diminish, or destroy vested rightsare favored by the courts, and their retrospective operation is not obnoxious to the spirit and policy of the law.
The amended statute at issue here does not expressly contain any provision for retroactive application, nor is there a clear legislative intent that the statute so operate. Therefore, the amended provision may operate retroactively only if it is found to be "remedial."
Remedial statutes are those relating to remedies or modes of procedure. Street v. City of Anniston, 381 So.2d 26 (Ala. 1980); Harlan v. State, 31 Ala.App. 478, 18 So.2d 744 (1947). In Jones v. Casey, supra, we reiterated the definition of "remedial statutes"
... as those "which impair no contract or vested right, and do not disturb past transactions, but preserve and enforce the right and heal defects in existing laws prescribing remedies." Dickson v. Alabama Mach. and Supply Co., 18 Ala. App. 164, 165, 89 So. 843, 844, cert. denied, 206 Ala. 698, 89 So. 922 (1921).
445 So.2d at 875.
We believe that the amendment to Code 1975, § 36-26-27(a), is remedial in nature, touching upon matters of procedure rather than substantive rights, and corrects what may be perceived as a defect in the original statute. Moreover, no substantial right is impaired by the expanded remedies granted to the Personnel Board to be applied in reviewing disciplinary measures against state merit employees. This is not to say that substantial rights may not be affected by the application of the statutory change, but that this effect is only the result of the utilization of what is essentially a matter of Personnel Board procedure.
Although not central to our holding, we note that a remedial statute should receive a liberal interpretation if necessary to effectuate its purpose or objective. See Blakeney v. Blakeney, 6 Port. 109 (Ala. 1837). We cannot ignore the holdings of prior cases which have strictly construed *908 the limited statutory authority of the Board to review appointing authority decisions, and such decisions most probably served as the impetus for the legislative enactment here. See Hilyer v. Blackwell, supra, and Stewart v. Hilyer, supra. We also cannot pretermit the wording of the title of the amending act. Although we heed the warning espoused in Blakeney v. Blakeney, supra, that reliance upon the title of a statute is an unsafe criterion for determining its meaning, we note that the title of Act No. 83-673 describes the act as one "which provides for the disciplining and dismissals of employees in the state classified service so as to provide for such procedures." Act of July 28, 1983, No. 83-673, 1983 Ala.Acts 1060 (emphasis added).
Having determined that the amendment to Code 1975, § 36-26-27(a), is remedial, we apply the rule which is followed in Alabama that:
... if a statute is procedural in nature, it may be applied on appeal even if the effective date of that statute occurred while the appeal was pending, and even if the effective date of the statute was after the judgment in the trial court.
Kittrell v. Benjamin, 396 So.2d 93, 95 (Ala.1981), citing Smith v. Colpack, 235 Ala. 513, 179 So.520 (1938).
Since Burks's writ of certiorari was pending before the circuit court when the amendment to the statute became effective, we find that the statute should have been applied.
For the foregoing reasons, we reverse the judgment of the Court of Civil Appeals and hold that Code 1975, § 36-26-27(a), as amended, does apply retrospectively to those cases decided by the Personnel Board for which an appeal was pending on the date the amendment became effective. The judgment is reversed and the case remanded to the circuit court with instructions for that court to enter an order directing the Personnel Board to hold a hearing on the question of proper punishment.
REVERSED AND REMANDED WITH DIRECTIONS.
FAULKNER, JONES, SHORES and BEATTY, JJ., concur.
TORBERT, C.J., and MADDOX, J., dissent.
ALMON, J., not sitting.
MADDOX, Justice (dissenting).
I believe that the opinion of the Court of Civil Appeals correctly interprets the law with regard to this particular statute.
TORBERT, C.J., concurs.