The State Health Planning Agency (SHPA), through its Certificate of Need Review Board (board), granted Humana Hospital of Huntsville's application for a certificate of need (CON) to offer an open heart surgery unit in its 328-bed acute care facility. The Health Care Authority of the City of Huntsville (Huntsville Hospital), which currently holds a CON to provide open heart surgery, opposed Humana's CON application and appealed from the board's decision to the trial court. The trial court affirmed the board's decision. Huntsville Hospital appeals from the trial court's decision.
Huntsville Hospital contends in the main that the evidence does not support the findings required under § 22-21-266, Ala. Code 1975 (1984 Repl.Vol.). These findings, which must be rendered in favor of the applicant before a CON can be issued, read, in pertinent part, as follows:
 "(1) That the proposed facility or service is consistent with the latest approved revision of the appropriate state plan effective at the time the application was received by the state agency;
 "(2) That less costly, more efficient or more appropriate alternatives to such inpatient service are not available, and that the development of such alternatives has been studied and found not practicable; *Page 975 
 "(3) That existing inpatient facilities providing inpatient services similar to those proposed are being used in an appropriate and efficient manner consistent with community demands for services;
 "(4) That in the case of new construction, alternatives to new construction (e.g., modernization and sharing arrangement) have been considered and have been implemented to the maximum extent practicable; and
 "(5) That patients will experience serious problems in obtaining inpatient care of the type proposed in the absence of the proposed new service. (Acts 1977, 1st Ex.Sess., No. 82, p. 1509, § 7; Acts 1982, 2nd Ex.Sess., No. 82-770, p. 249, § 6.)"
We note that a finding under § 22-21-266(4) is not necessary in this case.
The controlling issue on appeal is whether the evidence presented with regard to Humana's proposed facility satisfied the review criteria mandated under § 22-21-266, Ala. Code 1975 (1984 Repl.Vol.). We would note here, however, that a reviewing court cannot substitute its judgment for that of the board by reweighing the evidence as to questions of fact. State HealthPlanning Agency v. Mobile Infirmary Association, 533 So.2d 255
(Ala.Civ.App. 1988). This holds true even in cases where the testimony is generalized, the evidence is meager, and reasonable minds might differ as to the correct result. StateHealth Planning Resource Development Administration v.Rivendell of Alabama, 469 So.2d 613 (Ala.Civ.App. 1985). Our scope of review is limited to questions of whether the board's decision was made in compliance with applicable law, whether the board's decision was arbitrary and unreasonable, and whether the board's decision was supported by substantial evidence. Alabama Board of Nursing v. Herrick, 454 So.2d 1041
(Ala.Civ.App. 1984). Substantial evidence has been defined as "relevant evidence that a reasonable mind would view as sufficient to support a determination." City of Mobile v.Mills, 500 So.2d 20, 21 (Ala.Civ.App. 1986). The weight or importance assigned to any given piece of evidence presented in support of a CON application is primarily left to the board's discretion in view of its recognized expertise in determining which health care services meet the criteria for CON approval.Humana Medical Corp. v. State Health Planning DevelopmentAgency, 460 So.2d 1295 (Ala.Civ.App. 1984).
Section 22-21-266(1) requires that the proposed facility be consistent with the State Health Plan (SHP) provisions in effect at the time the application is received by the agency. The board found that Humana's proposed service adequately met the guidelines provided in the SHP. These guidelines, which are neither mandatory nor binding on the SHPA, are set forth, in pertinent part, as follows: (1) that new open heart surgery units should be able to perform a minimum of 200 open heart procedures annually within three years after initiation of the program; and (2) that the opening of new open heart surgery units should be contingent upon existing units in the health service area operating and continuing to operate at a level of at least 350 procedures per year. Humana clearly complied with the first provision. However, there was still some question as to whether Humana's application was consistent with the SHP since there were conflicting reports regarding Humana's compliance with the second provision. The board, in its discretion, resolved this question in favor of Humana. We find nothing arbitrary or capricious in this finding, since the SHP provisions serve merely as a source of guidance to aid the SHPA in its efforts to maintain high quality health care and, at the same time, avoid duplicating services or making unnecessary expenditures.
The board also found in compliance with § 22-21-266(2) that less costly, more efficient, or more appropriate alternatives to the proposed service were neither practical nor available. We find that there was substantial evidence to support this finding, despite Huntsville Hospital's argument to the contrary. Huntsville Hospital argues that utilization of its existing capacity is a feasible alternative. Although there is evidence *Page 976 
to support Huntsville Hospital's argument, there is also substantial evidence to support the board's findings. In particular, there was evidence that large numbers of patients were leaving the Huntsville area for open heart surgery; that delays were still occurring despite the utilization rates at Huntsville Hospital's open heart surgery operating rooms; that Humana's charge for open heart surgery would be less than Huntsville Hospital's charge; and that the cost of expanding Huntsville Hospital's program would be greater than the cost of the project at Humana. Where the evidence is conflicting and reasonable minds might differ, the board's decision must prevail.
In addition, the board found in compliance with §22-21-266(3) that existing inpatient facilities offering similar services were being used in an efficient and appropriate manner consistent with the community's needs. Huntsville Hospital in its brief supported the board's finding when it stated that its facility was being "used in an appropriate and efficient manner consistent with communitydemands for open heart surgery."
Finally, the board found in compliance with § 22-21-266(5) that patients will experience serious problems in obtaining inpatient care of the type proposed in the absence of the proposed new service. There was undisputed evidence that transfers and delays posed health risks to patients undergoing heart attacks. There was also undisputed evidence that a significant number of patients were leaving the Huntsville area for open heart surgery, thereby creating an unnecessary emotional and financial burden on the patients and their families.
In view of the foregoing and in light of our limited standard of review, we cannot say that Humana failed to satisfy the standards required under § 22-21-266.
We turn now to determine whether the board's decision violated Rule 410-1-6.07(1)(d), Administrative Code. This rule states that "a detrimental effect [i.e., a projected loss of 5 percent or more of a facility's current volume due to the implementation of a proposed project] shall be deemed an adverse factor in the consideration of the application for the proposed or expanded facility or service." Huntsville Hospital asserts that it will lose approximately 24 percent of its open heart surgery volume if Humana's proposed project is implemented. Even if this allegation were found to be true, this factor by itself would not require the board's decision to be set aside. This is only one factor of many which should be considered in awarding or denying a certificate of need. There is evidence that the board considered and discounted the possible detrimental effect Humana's proposed project would have on Huntsville Hospital.
We find, after reviewing the record, that the decision of the board to award a CON to Humana for open heart surgery is reasonably justified by the evidence, and, therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.