This is an employee termination case. *Page 429 
The employee was terminated from his employment with the Alabama Department of Mental Health (the Department) effective June 16, 1983.
The reason for the termination was the employee's alleged physical abuse of a resident at the Eufaula Adolescent Adjustment Center in Eufaula, Alabama. The employee allegedly struck the resident in the face or eye during a struggle arising from the resident's refusal to go to the "time-out room" and his resisting attempts to restrain him.
The employee appealed his termination to the State Personnel Board (the Board), which appointed a hearing officer to conduct a hearing and take evidence. Following the hearing, which was held on July 26, 1983, the hearing officer recommended that the employee be reinstated without pay for the period of his termination.
After reviewing the transcript of the hearing and listening to oral argument of the parties' counsel, the Board rejected the hearing officer's recommendation and ruled that the employee's dismissal should be sustained due to his abuse of a patient. The ruling of the Board was affirmed by the Montgomery County Circuit Court. As indicated, the employee now appeals to this court.
The employee raises two primary issues. He first contends that there is not sufficient evidence to support the Board's decision and, secondly, that the hearing officer erred in allowing the results of the employee's polygraph examination to be admitted into evidence. We disagree with both of the employee's contentions and affirm.
At the outset we note that the facts of this case are in several respects similar to those of Personnel Board v. King,456 So.2d 80 (Ala.Civ.App. 1984), in which this court enunciated what it considered the proper standard of review to be in a case such as the present one. This dispute, as did King, arose prior to October 1, 1983, and thus judicial review would arise by way of certiorari rather than under the provisions of the Alabama Administrative Procedure Act (AAPA), Ala. Code (1975), §§ 41-22-1
through 41-22-27, governing contested cases. See § 41-22-27 (e). As noted in King, however, the review obtained under certiorari is essentially the same as that provided for under the AAPA. Ala. Code (1975), § 41-22-20. See King, 456 So.2d at 82. Under this standard of review, the circuit court should affirm the decision of the Board unless its findings and conclusions are contrary to the uncontradicted evidence or it has improperly applied those findings viewed in a legal sense. Stewart v. Hilyer,376 So.2d 727, 729 (Ala.Civ.App. 1979).
If there is any evidence to sustain the Board's decision, this court must affirm. It may not assess the truthfulness of conflicting testimony or substitute its judgment for that of the Board. King, 456 So.2d at 82; Johnston v. State Personnel Board,447 So.2d 752 (Ala.Civ.App. 1983); Beatty v. Hart, 437 So.2d 594
(Ala.Civ.App. 1983); Roberson v. Personnel Board, 390 So.2d 658
(Ala.Civ.App. 1980).
Under this standard, we can only conclude that the Board's decision is supported by evidence. The record contains the transcribed testimony of two eyewitnesses who testified before the hearing officer that they saw the employee strike the resident. There was further testimony by the employer's personnel officer that the employee's work record contained numerous reprimands and one suspension due to his insubordination and failure to perform his duties in an acceptable manner.
Despite this evidence, the employee argues that the Board's decision is not based upon sufficient evidence because it is contrary to the hearing officer's recommendation. The question of the weight which must be given to the hearing officer's recommendation was also raised in the King case, in which the Board had also rejected a hearing officer's recommendation. In that case, this court noted that the hearing officer was not a "co-equal statutory authority" with the Board. King, 456 So.2d at 82. Rather, under the Board's rules and regulations, *Page 430 
it appoints the hearing officer to conduct a hearing and submit to it findings of fact and a recommended decision. Rule670-X-5-.07 (2). The Board may "modify, alter, set aside, or affirm" the hearing officer's findings and recommendations. Rule670-X-5-.07 (4); Rule 670-X-18-.02 (3). In King we held that "`the Board may reject the . . . [hearing officer's] findings, even though they are not clearly erroneous, if the other evidence provides sufficient support for the Board's decision.'" King, 456 So.2d at 82 (quoting National Labor Relations Board v. InterboroContractors, Inc., 388 F.2d 495, 499 (2d Cir. 1967)). In the present case, we find that there was such other evidence, as we indicated above.
The employee additionally argues that the Board's decision is not based upon sufficient evidence because it failed to specifically enumerate its findings or the reasons for its decision, as required by the AAPA. While we do note that Ala. Code (1975), § 41-22-16, does require an administrative agency to include findings of fact and conclusions of law in its final order, we find that the statute does not apply to the present dispute, which arose before October 1, 1983. See Ala. Code (1975), § 41-22-27 (e). Moreover, the Board does enumerate the one overriding reason for its decision — the employee's physical abuse of a resident.
The employee's second major argument is that the hearing officer erred in allowing the results of the employee's polygraph examination, which were detrimental to his case, to be admitted into evidence. The Board's Rule 560-X-5-.08 (3) provides that the hearing officer may accept the results of lie-detector tests in evidence if the results are material and relevant to the issues in the case. While this rule would probably not override conflicting Alabama law on the question of polygraph examinations, we conclude that Alabama law does not prohibit the introduction of the polygraph examination results under the facts of this case.
In Green v. American Cast Iron Pipe Company, 446 So.2d 16 (Ala. 1984), the Alabama Supreme Court upheld the decision of the trial court to allow the results of an employee's polygraph examination to be admitted into evidence in the trial of the employee's action against the employer for wrongful discharge. The employee in Green knew that the employer's rules provided that he could be requested to submit to a polygraph examination, and he voluntarily did so. Similarly, in the present case, the employee voluntarily submitted to the polygraph examination prior to his discharge on June 16, 1983. Under Green, there was no error in allowing the results of such a voluntary examination to be admitted into evidence. Even if there had been error, it would appear to be harmless, for there was evidence upon which the Board could base its decision, regardless of the polygraph examination evidence. Rule 45, Alabama Rules of Appellate Procedure.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.