These appeals arise pursuant to the Alabama Administrative Procedure Act (AAPA). James Cooke (Cooke) was dismissed from his merit system employment status as Warden II by the Alabama Department of Corrections. One of the reasons given for his dismissal was that Cooke was guilty of sexual harassment. On appeal, the State Personnel Board (Board) also found Cooke guilty of sexual harassment, but ordered that Cooke be reinstated without back pay and demoted from Warden II to Warden I. Cooke thereafter appealed the Board's decision to the Circuit Court of Montgomery County. The circuit court reversed the Board's decision and thus these appeals.
The dispositive issue on appeal is whether there was evidence to support the Board's decision to demote Cooke.
Our review of an order issued by the Board in this case, as was the review by the Circuit Court of Montgomery County, is governed by Ala. Code 1975, § 41-22-20. Pursuant to this Code section, the agency's order is presumed "prima facie just and reasonable," and if we determine that evidence was offered which supports the order, then we must affirm. Thompson v.Alabama Dept. of Mental Health, 477 So.2d 427 (Ala.Civ.App. 1985).
Our review here is extremely narrow, and we cannot substitute our judgment, nor could the circuit court substitute its judgment, for the Board's with regard to these findings of fact, and we consequently attach no presumption of correctness to the circuit court's ruling. Thompson, supra.
In view of the standard of review we are governed by in this case, we must rule that the Board's action is supported by the evidence. At the personnel hearing, three women testified concerning their treatment by Cooke. The complained of behavior by Cooke ranged from gestures *Page 841 
and statements to offensive statements and physical contact.
Cooke denied the allegations of all three of the women; however, it is not this court's prerogative to pass upon the truthfulness of conflicting testimony or, as noted above, to substitute our judgment for that of the Board. Roberson v.Personnel Board, 390 So.2d 658 (Ala.Civ.App. 1980). We may not assess the truthfulness of conflicting testimony. Thompson,supra.
Despite this evidence, Cooke argues that the Board's decision is not based upon sufficient evidence because it is contrary to the hearing officer's recommendation to the Board. It is clear, however, that the hearing officer is not a "co-equal statutory authority" with the Board. Thompson, supra. Rather, under the Board's rules and regulations, it appoints the hearing officer to conduct a hearing and submit findings and recommendations to the Board. State Personnel Rule 670-X-5-.07. The Board may "modify, alter, set aside, or affirm" the hearing officer's recommendations. Rule 670-X-5-.07. The Board may reject the hearing officer's findings, even though not clearly erroneous, if the other evidence provides sufficient support for the Board's decision.
Therefore, in view of the above, the trial court's action in reversing the Board can only be that the trial court substituted its judgment for that of the Board. This it cannot do. This case is due to be reversed for an entry of a judgment not inconsistent with the above.
REVERSED AND REMANDED.
BRADLEY, P.J., concurs.
HOLMES, J., recuses himself.