In February 1989 the Alabama Department of Environmental Management (ADEM) issued a permit allowing Bates Motel, Inc. (Bates), to build a 94-unit motel on a 174-foot by 664-foot beachfront lot on Romar Beach in Baldwin County, Alabama. *Page 925 
Alleging threatened or actual injury as a result of ADEM's action, neighboring property owners appealed the issuance of the permit to the Alabama Environmental Management Commission (Commission) pursuant to § 22-22A-7, Ala. Code 1975.
Following an administrative hearing, the Commission's designated hearing officer issued an opinion finding that the permit had been granted in disregard of ADEM's own regulations and recommending that the permit be denied. In August 1989 the Commission entered a final order adopting the findings and recommendation of the hearing officer, thereby denying Bates's building permit. Bates appealed the Commission's decision to the Mobile County Circuit Court, and the circuit court affirmed the final order of the Commission. Bates now appeals to this court. We affirm.
We note that the circuit court stated in its order that the standard of review applicable in this case is set out in §41-22-20(k) of the Alabama Administrative Procedure Act (AAPA), Ala. Code 1975. However, because this action was initiated after October 1, 1986, and because the decision of the Commission was entered pursuant to the procedures set forth in § 22-22A-7(c), Ala. Code 1975, the Commission's final order is exempted from application of the AAPA and should properly be reviewed in accordance with § 22-22A-7(c)(6). Alabama EnvironmentalManagement Commission v. Fisher Industrial Service, Inc.,586 So.2d 908 (Ala.Civ.App. 1991). See also § 41-22-27(f), Ala. Code 1975; Ex parte Baldwin County Commission,526 So.2d 564 (Ala. 1988); Dawson v. Alabama Department of EnvironmentalManagement, 529 So.2d 1012 (Ala.Civ.App. 1988), overruled inpart on different grounds by Ex parte Fowl River ProtectiveAssociation, 572 So.2d 446 (Ala. 1990). Judicial review in the present case is therefore obtained under certiorari. Fisher,586 So.2d 908.
However, review under certiorari is essentially the same as that under the AAPA. Thompson v. Alabama Department of MentalHealth, 477 So.2d 427 (Ala.Civ.App. 1985). Under this standard of review the circuit court should affirm the decision of the Commission unless the Commission's "findings and conclusions are contrary to the uncontradicted evidence or it has improperly applied those findings viewed in a legal sense." Id.
at 429. If there is any evidence in the record to sustain the Commission's decision, the court must affirm; it may not assess the truthfulness of conflicting testimony or substitute its judgment for that of the Commission. Id.
The issue now before this court is that which was apparently before the circuit court: whether there is legal evidence in the record to support the Commission's denial of the building permit to Bates.
The record reveals that the subject parcel of land is intersected by the so-called Construction Control Line (CCL), a line running parallel to the shoreline, some distance up the beach. The motel construction project proposed by Bates requires the leveling and grading of the dune system on the subject property landward of the CCL. This would entail the leveling of a 17-foot dune, the crest of which is approximately 50 feet behind the CCL. The project also involves the paving with asphalt of virtually all of the parcel landward of the CCL.
The Coastal Area Management Program (CAMP), §§ 9-7-10 to -20, Ala. Code 1975, was enacted for the stated purpose of preserving, protecting, and enhancing "the resources of the state's coastal areas for this and succeeding generations." §§9-7-11 and -12(1). As the administrative agency responsible for carrying out the program outlined by the coastal legislation, ADEM has promulgated the CAMP Rules, ADEM Admin. Code R.335-8-1-.01 to -.32. See §§ 9-7-16 and 22-22A-8, Ala. Code 1975. ADEM Admin. Code R. 335-8-1-.16(4)(a) provides that no new structure may be built on a parcel of land intersected by the CCL unless the party seeking to build the structure first obtains a permit from ADEM. For ADEM to issue the permit, any proposed structure must be built landward of the CCL and must "otherwise comply with the requirements" of the CAMP Rules. ADEM Admin. Code R. 335-8-1-.16(4)(b). The conclusion reached by *Page 926 
the hearing officer, which was adopted and supplemented in the final order of the Commission, was that ADEM had placed undue — indeed, almost exclusive — emphasis upon the CCL when considering Bates's permit application and that, in doing so, ADEM did not adequately assess the effects of the proposed project on the coastal area as required by the CAMP Rules. The Commission specifically found that Bates had failed to show ADEM whether the proposed project "otherwise complied with" the following rules: ADEM Admin. Code R. 335-8-1-.05(2)(a), which requires ADEM to determine whether the proposed project will result in degradation of coastal resources; ADEM Admin. Code R. 35-8-1-.10(1)(a), (b), and (4), which require ADEM (1) to determine whether the project will significantly increase the potential for flood, hurricane, or other storm damage, (2) to determine whether the project will significantly reduce flood water storage capacity, and (3) to determine whether it will be designed, located, constructed, and operated so that it will not increase potential damage from a storm or hurricane; and ADEM Admin. Code R. 335-8-1-.20, which requires ADEM to determine whether the uses of the subject property will be undertaken so as to preserve existing wildlife and wildlife habitats to the maximum extent practicable.
The Commission found that ADEM's argument at the hearing — that potential storm and hurricane damage was taken into account when ADEM conditioned the permit on Bates's compliance with "all federal and local regulations," instead of seeking to determine itself whether the proposed project complied with such regulations — evidenced a "dangerous approach" to interpreting ADEM regulations and represented an improper narrowing of ADEM's legislative mandate. Although the Commission stated that its determination reversing the decision of ADEM was made without prejudice to Bates should Bates seek to reapply for the permit, the Commission also noted that, in view of the facts adduced at the hearing, it was "skeptical" as to whether the proposed project could withstand the scrutiny ADEM was actually required to give it. It was also the Commission's finding that ADEM had failed to inform the public concerning Bates's permit application in accordance with the rules governing ADEM.
At the administrative hearing Gary Ellis, an environmental scientist and the ADEM official who reviewed Bates's permit application, testified that the manner in which a beachfront project is constructed and the effects such construction has on the coastal area are "not relevant" to ADEM's review of the impact of the proposed project on the beach and dunes. He further testified that when considering a permit application, ADEM "does not take into account whether it's a birdhouse or whether it's an asphalt parking lot or whether it's a thirtystory condominium." Ellis also testified that, in his opinion, the CCL takes into account the issues of hurricane and storm damage and that, therefore, ADEM did not consider these issues when granting the permit to Bates.
However, Dr. George Crozier, also an environmental scientist, testified that the proposed paving of the entire surface of the parcel would eliminate the property's flood water storage capacity and greatly increase the damage to the beach and adjoining property from storm surge. It was also his opinion that the high density of people associated with the proposed motel would lead to the degradation of the beach resources, destroy vegetation, and impair the beach's ability to rebuild protective dunes. Dr. Crozier concluded that the proposed project was inconsistent with the policy outlined in the Coastal Area Management Program.
As to the Commission's finding that ADEM failed to provide information to the public as required by ADEM's own rules, several witnesses testified that they attended public hearings, made written and telephone requests, and appeared at ADEM offices to obtain copies of the plans of Bates's proposed project and that these plans were not made available to them.
In view of the above, we find that there is considerable evidence to support the Commission's finding that ADEM did not *Page 927 
adequately consider the effects of the proposed project as required by the CAMP Rules. We further find that there is considerable evidence to support the Commission's finding that ADEM failed to adequately inform the public as also required by these rules.
Bates has contended that in the hearing before the Commission, the protesting property owners had the burden of proving that ADEM's action in issuing the permit was arbitrary and capricious and that the property owners failed to meet this burden. However, we disagree with Bates's contention as to the application of an arbitrary and capricious standard here and instead accept the Commission's argument as to a petitioner's burden when appealing an administrative action before the Commission. Citing § 22-22A-7(c)(6) as authority, the Commission maintains that where ADEM's actions are challenged by an appeal to the Commission, the Commission's decision becomes the "final administrative action" for purposes of any further appeal. Because § 22-22A-7(c)(6) provides that the Commission has power to approve, disapprove, or modify ADEM's administrative action, it is not reasonable, the Commission says, to believe that the legislature intended for such powers to be based upon "anything less than a plenary consideration of the issues in a de novo hearing." We agree and find that the Commission's hearing of such an appeal should be conducted as a de novo hearing subject to the rules of evidence prescribed in § 22-22A-7(c)(5), Ala. Code 1975, and ADEM Admin. Code R.335-2-1-.11, and that to prevail, a petitioner has the burden of going forward with the evidence pursuant to ADEM Admin. Code R. 335-2-1-.11(5) and establishing its contentions to the reasonable satisfaction of the trier of fact. We find that this burden was clearly met.
The Commission's decision to reverse ADEM's issuance of the permit to Bates was supported by legal evidence; therefore, we cannot say that its findings and conclusions are contrary to the evidence or that it has improperly applied those findings.Thompson, 477 So.2d 427. Accordingly, we find that the circuit court was not in error when it affirmed the final order of the Commission.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.