YATES, Judge,
dissenting.
I respectfully dissent to the affirmance of the judgment of the trial court. I believe that in reversing the order of the Board, the trial court erred by substituting its judgment for that of the Board.
Pursuant to Ala.Code 1975, § 41-22-20(k), the Board’s order is presumed “prima facie just and reasonable,” and if we determine that the evidence supported the order, we must affirm. Thompson v. Alabama Dep’t of Mental Health, 477 So.2d 427 (Ala.Civ.App. 1985). Our review is narrow; we cannot substitute our judgment for that of the Board. Consequently, we attach no presumption of correctness to the trial court’s ruling. State Dep’t of Corrections v. Cooke, 530 So.2d 839 (Ala.Civ.App.1988).
The Board accepted the hearing officer’s determination that Miller’s urine specimen tested positive for marijuana, a ground for dismissal under the Department’s regulations. However, the Board chose to mitigate the punishment because of its concern that security regulations governing the specimen were not followed. In its order, the Board stated:
“The evidence in this case is that there was a possibility of the chain of custody being broken, and this Board insists that regulations governing the chain of custody be strictly observed. The Board agrees that there was evidence to support the charge that this employee tested positive in the drug test but is of the opinion that the punishment must be mitigated under the circumstances of the case. Mr. Miller should have another opportunity to demonstrate that he is drug-free. His reinstatement is conditioned upon his acceptance of periodic non-random drug tests which the Department of Corrections will administer any time at its discretion for a period of one year from the date of this order.”
Effective August 2, 1990, Administrative Regulation 227 VIIA-5 was amended to read in pertinent part that urine specimens “must be stored in a secured refrigerator.” (Emphasis added.) The Board found evidence that the specimen was not kept in a “secured refrigerator”; the Board concluded that this deviation from the Department’s regulation could have affected the integrity of the process. Captain Kenneth Jones testified that he stored Miller’s specimen in an unlocked refrigerator in his office before delivering it to the drug testing officer.
The Board’s decision to reinstate Miller was premised on evidence that mandated security measures of the Department regarding the testing process had not been followed.