RICHARD L. HOLMES, Retired Appellate Judge.
James William Adams (employee) was employed by the State Board of Pardons and Paroles (Board) as a State Probation and Parole Officer II.
On January 19, 1994, James R. Lee, Jr., the employee’s supervisor, gave the employee an employee performance appraisal form for the employee’s review and comments. The employee wrote his comments across the face of the employee performance appraisal form and returned the appraisal form to Lee on the same date.
Thereafter, Lee sent an interoffice memorandum to Roy Brown in the central office, detailing the employee’s actions regarding the appraisal form, which Lee described as “a continuation of [the employee’s] attitude of contempt and insolence for authority and [the employee’s] tendency toward insubordination.”
In response to this memorandum, the Board appointed a hearing officer to determine if the employee’s actions constituted insubordination. The hearing officer conducted a hearing on February 7, 1994, and determined that the employee’s actions did not constitute insubordination because “Lee did not instruct [the employee] to plaee his comments on a separate sheet of paper and attach it to the appraisal form.”
The hearing officer submitted his report to the Board. The Board reviewed the report and the evidence presented at the hearing and determined that “Lee’s instructions to [the employee] were clear and concise as to whether and how [the employee] should make comments about his performance score.” The Board concluded that “the action of [the employee] in exhibiting his objection to his annual performance appraisal score by writing disapproving comments in large script across the entire front of the appraisal sheet can only be considered as an act of disobedience and disrespect to [Lee] rising to the level of insubordination to a supervisor.” The Board suspended the employee from his work duties for a period of five days, without pay.
The employee filed an application for a temporary restraining order and a motion for a preliminary injunction against John Nettles, Louie Grimes, and Judith O’Connor, members of the Board (hereinafter collectively referred to as the Board). The employee also filed a complaint for a writ of mandamus and a petition for a writ of certiorari. The application for a temporary restraining order and the motion for a preliminary injunction were denied. The Board filed a motion to dismiss, which was denied.
The trial court originally issued an order dated August 19, 1994, entering a judgment in favor of the Board. The employee filed a motion to alter, amend, or vacate the judgment, which was granted.
In November 1995 the trial court issued an order, reversing the Board’s five-day suspension of the employee. The trial court ordered the Board to compensate the employee for the earnings lost during his suspension and to compensate him for any benefits to which he was entitled at the time of the suspension.
The Board appeals.
In its first issue, the Board contends that the trial court lacked subject matter jurisdiction over this case because, it says, the employee’s complaint was an attempt to appeal a non-contested, intra-agency personnel action, and such appeals are not allowed. We would note that while there is no statutory right for such an appeal, the employee can seek review of his suspension by filing a petition for a writ of certiorari. Heatherly v. Kemsel, 504 So.2d 285 (Ala.Civ.App.1986). In light of the above, we find that the trial court had subject matter jurisdiction over this case.
*271 In its second issue, the Board contends that the trial court should have affirmed its decision regarding the employee’s one-week suspension without pay for insubordination. The Board maintains that the trial court should have affirmed its decision because, it says, its findings and conclusions were not contrary to the uncontradieted evidence; were not made arbitrarily, capriciously, in bad faith, or as part of a fraud; and were supported by the evidence.
We would note that the standard of review obtained under certiorari is essentially the same as that provided for under the Alabama Administrative Procedures Act. Thompson v. Alabama Dep’t of Mental Health, 477 So.2d 427 (Ala.Civ.App.1985). Under this standard of review, the circuit court should affirm the decision of the Board unless the Board’s findings and conclusions are contrary to the uncontradicted evidence or the Board has improperly applied those findings viewed in a legal sense. Thompson, 477 So.2d 427.
The trial court’s November 1995 order provided the following, in pertinent part:
“The court’s decision in this case turns on what was the specific charge of insubordination lodged against [the employee]. It does not appear that the Board served [the employee] with a written statement which clearly sets out the charge against him; however, what is clear is that at the pre-disciplinary hearing the officer specified the exact charge with the agreement of all parties, and the specific charge agreed to was did [Lee] specifically direct [the employee] to place his comments on a separate sheet of paper and attach it to the employee appraisal form.
“Having determined from the record what the specific and clear charge was against [the employee], the court is led to the conclusion that the Board erred in finding that [Lee] gave specific instructions to [the employee] regarding how his comments on his employee evaluation should be made known. In short, the court finds that there was no evidence which supported the Board’s conclusion that Lee gave [the employee] specific in-struetions. For this reason, the decision of the Board will be reversed.
"... However, the Court is constrained to comment that had the charge not been as specific as it was, the Board’s decision would have been supported by the rec-ord_ [B]ecause the charge was specified with such exactness at the predisci-plinary hearing, the exactness on the specification dictates the court’s conclusions in this matter.”
(Emphasis in original.)
We would note the following statement by the hearing officer at the February 7, 1994, hearing:
“And as I understand it, the charge is based on the following: [The employee] was instructed by [Lee] to read his performance appraisal, sign it, and attach any comments he wished. [The employee] stated that he did not have room at the bottom of the form for comments. [Lee] then states: I told him to place his comments on a separate sheet of paper and attach it to the appraisal form. In the third paragraph of [Lee’s] memo, he states: As you can see, [the employee] did not follow instructions and attach his comments.
“So, the charge — specific charge, as I understand it, [the employee] failed to follow [Lee’s] instructions to read, sign his appraisal form, and to add any comments he wished to make on a separate sheet of paper.”
Additionally, we find in the transcript of the February 7, 1994, hearing the following exchange between the hearing officer and Lee:
“[Hearing Officer]: ... Again, I will state the charge as I understand it.... [The employee] failed to follow [Lee’s] instructions given him on January 19, 1994, as recorded in paragraph one of [Lee’s] memo to Mr. Brown, [and the instructions] were: I told him — I being [Lee] and him being [the employee]. I told him to place his comments on a separate sheet of paper and attach it to the appraisal form. [Lee], did you give [the employee] the specific instruction as I have just read in the charge?
*272 “Mr. Lee: Yes, sir.”
Our review of the record reveals a transcript of the January 19, 1994, conversation between the employee and Lee. The transcript provides the following, in pertinent part:
“Lee: This was sent down from personnel.
“Adams: Have you checked with anyone else before you gave this to me?
“Lee: (loud) Sure haven’t.
“Adams: I would suggest that you check with our Department before you just give this to me.
“Lee: (clears throat) I suggest that you read it, ... and sign it and/or not sign it and give it back to me.
“Adams: Well, it’s the same, basically the same, performance appraisal you gave me before that I disagreed with.
“Lee: Well, if you have any comments, write your comments, give it back to me, and I’ll submit it.
“Adams: Well, I don’t have enough room to put my comments on here, Mr. Lee. Do you want me to write all over this thing?
“Lee: I believe, I believe it says you can use additional paper.
“Adams: Well, I have to.
“Lee: Make your comment and ...
“Adams: Well, I suppose I can keep this for a while.
“Lee: A couple of days.
“Adams: Well, alright. Then I’ll put my comments on there. My attorney will probably write you a letter.
“Lee: Fine.”
(Emphasis added.)
The evidence is uncontradicted that Lee did not specifically direct the employee to place his comments on a separate sheet of paper and attach it to the employee appraisal form. Consequently, the judgment of the trial court is due to be affirmed.
In view of the above, the other issues presented are pretermitted.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.