On Application for Rehearing

YATES, Judge.
This court’s original opinion, dated July 12, 1996, is withdrawn, and the following is substituted therefor:
Robert B. Hagood III was dismissed from his employment as a pollution control specialist with the Alabama Department of Environmental Management (“ADEM”), based upon the charge that he had not met the performance standards of his position. Hagood appealed his dismissal to the State Personnel Board (“the Board”), which appointed a hearing officer to conduct an evidentiary hearing.
After hearing conflicting testimony concerning Hagood’s job performance, the hearing officer concluded that the evidence was insufficient to warrant Hagood’s dismissal. The hearing officer submitted his findings to the Board, recommending that Hagood be reinstated with back pay and transferred to a different division of ADEM. ADEM timely filed written exceptions to the hearing officer’s report.
After hearing the oral argument of each party’s counsel, the Board rejected the hearing officer’s findings and recommendations and entered an order upholding Hagood’s dismissal. The Board concluded that the hearing officer had failed to recognize that the evidence presented was sufficient to war *50 rant termination. Specifically, the Board stated that “the testimony of Hagood’s supervisor ... [was] sufficient evidence to support the termination charge, and, thus, the hearing officer’s findings and recommendations should be rejected.”
Hagood appealed the Board’s decision to the Circuit Court of Montgomery County. The court, relying upon State Personnel Dep’t v. Mays, 624 So.2d 194 (Ala.Civ.App.1993), reversed the Board’s decision and held that the Board’s rejection of the hearing officer’s findings “was unreasonable, arbitrary, and capricious,” and concluded that the Board could only point to “some evidence in the record to support ADEM’s position.” (Emphasis in original.)
ADEM appeals, contending: (1) that the circuit court erroneously substituted its judgment for that of the Board; and (2) that the court erred when it relied on Mays, supra.
Our review is governed by § 41-22-20(k), Ala.Code 1975. That Code section provides that the Board’s order is presumed “prima facie just and reasonable and [that] the court shall not substitute its judgment for that of the [Board] as to the weight of the evidence on questions of fact.” We may not assess the truthfulness of conflicting testimony. Thompson v. Alabama Dep’t of Mental Health, 477 So.2d 427 (Ala.Civ.App.1985). If we conclude that there was evidence to support the Board’s order, then we must affirm. State Dep’t of Corrections v. Cooke, 530 So.2d 839 (Ala.Civ.App.1988).
A hearing officer is not a “co-equal statutory authority” with the Board. Thompson, supra. Regulation 670-X-5-.07, Alabama State Personnel Department Administrative Code, states that the Board has the authority to “modify, alter, set aside or affirm [a hearing officer’s] report.” If the Board rejects an officer’s findings, the Board’s supporting evidence must be substantial when measured against the officer’s findings as well as the contrary evidence. Personnel Board v. King, 456 So.2d 80, 82 (Ala.Civ.App.1984). Substantial evidence is “relevant evidence that a reasonable mind would view as sufficient to support a determination.” Creagh v. City of Mobile Police Dep’t, 543 So.2d 698, 699 (Ala.Civ.App.1989) (citation omitted).
Hagood’s duties as a pollution control specialist were: (1) to inspect facilities falling within the scope of ADEM regulations; (2) to identify and document violations of ADEM regulations at those facilities; (3) to communicate his findings to both the regulated facilities and his ADEM superiors; and (4) to prepare any enforcement actions that might arise from violations he discovered while inspecting those facilities. A proper inspection of a regulated facility requires a pollution control specialist to recognize possible sources of hazardous waste generation, treatment, storage, and disposal.
At the hearing, Dave Davis, Hagood’s supervisor, presented evidence indicating: (1) that Hagood’s standard of conduct was unsatisfactory; (2) that he lacked a knowledge and an understanding of ADEM regulations; and (3) that he lacked the ability to apply the regulations in the field. Hagood, primarily through his own testimony, presented evidence contradicting Davis’s assertions.
Davis testified that Hagood had been trained to properly gather samples of suspected hazardous wastes. Nevertheless, in Davis’s presence, Hagood had used a dirty bottle from a trash can to gather a sample. Hagood admitted that he had done this and argued that his action was appropriate. Davis also testified that, for performance evaluation purposes, he had accompanied Ha-good on several inspections. Davis stated that while he was with Hagood, Hagood had failed to recognize obvious possible sources of hazardous waste and had failed to recognize waste storage areas at the facilities under inspection. Hagood admitted that he had failed in this regard, but argued that these particular cases involved differences in judgment between him and Davis. Davis also stated that Hagood had incorrectly informed a facility that it would have to build a new storage area. Davis cited this error and others as examples of Hagood’s lack of sufficient knowledge and understanding of ADEM regulations.
Davis’s testimony about Hagood’s performance and knowledge obviously conflicted *51 ■with some of Hagood’s testimony. Our concern is not with the truthfulness of their testimony, but with whether Davis’s testimony, as cited by the Board, was sufficient to warrant the Board’s rejecting the hearing officer’s report and, thus, affirming Hagood’s dismissal. After reviewing the record, we conclude that Davis’s evidence not only was relevant, but also was sufficient to support the Board’s determination. Therefore, the judgment is reversed and the case is remanded to the circuit court. Our conclusion makes unnecessary a discussion of the other issues raised by ADEM.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED AND 39(k) MOTION DENIED; REVERSED AND REMANDED.
CRAWLEY, J., concurs.
ROBERTSON, P.J., concurs in the result only.